IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT H. AYLOR, JR., On Behalf Of Himself and All Others Similarly Situated,<br><br>          Plaintiff,<br><br>v.<br><br>XYBERNAUT CORPORATION, EDWARD G. NEWMAN, STEVEN A. NEWMAN, M.D., and THOMAS D. DAVIS,<br><br>          Defendants. | Civil Action No. 05-0222 (SLR)<br>Class Action |

[Captions Continued On Next Page]

**XYBERNAUT INVESTORS GROUP'S OPENING BRIEF
IN SUPPORT OF THEIR MOTION FOR CONSOLIDATION, APPLICATION FOR
APPOINTMENT AS LEAD PLAINTIFF, AND FOR APPROVAL
OF THEIR SELECTION OF LEAD AND LIAISON COUNSEL**

                                                            ROSENTHAL, MONHAIT, GROSS
                                                                &amp; GODDESS, P.A.
                                                                Jessica Zeldin (Del. Bar No. 3558)
                                                                Suite 1401, 919 Market Street
                                                                P.O. Box 1070
                                                                Wilmington, Delaware 19899
                                                                (302) 656-4433
                                                                jzeldin@rmgglaw.com
                                                                  Counsel for Movant

OF COUNSEL:

James E. Miller
Patrick A. Klingman
Karen M. Leser
SHEPHERD, FINKELMAN, MILLER & SHAH, LLC
65 Main Street
Chester, Connecticut 06412
(860) 526-1100

[Additional counsel listed on signature block]

June 14, 2005

| | |
|---|---|
| MOSHE TAL, On Behalf Of Himself and All Others Similarly Situated,<br><br>              Plaintiff,<br>  v.<br><br>XYBERNAUT CORPORATION, EDWARD G. NEWMAN, STEVEN A. NEWMAN, M.D., and THOMAS D. DAVIS,<br><br>              Defendants. | Civil Action No. 05-0242 (SLR)<br>Class Action |
| MICHAEL FEHRENBACHER, Individually and On Behalf Of All Others Similarly Situated,<br><br>              Plaintiff,<br>  v.<br><br>XYBERNAUT CORPORATION, EDWARD G. NEWMAN, STEVEN A. NEWMAN, M.D., and THOMAS D. DAVIS,<br><br>              Defendants. | Civil Action No. 05-0256 (SLR)<br>Class Action |
| JEFFREY M. JASKOL AND STACEY J. JASKOL, Individually and On Behalf Of All Others Similarly Situated,<br><br>              Plaintiffs,<br>  v.<br><br>XYBERNAUT CORPORATION, EDWARD G. NEWMAN, STEVEN A. NEWMAN, THOMAS D. DAVIS, BRUCE C. HAYDEN, and GRANT THORNTON LLP,<br><br>              Defendants. | Civil Action No. 05-0268 (SLR)<br>Class Action |

| | |
|---|---|
| JOSEPH DANIEL WAUHOP, On Behalf Of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br> v.<br><br>XYBERNAUT CORPORATION, EDWARD G. NEWMAN, STEVEN A. NEWMAN, M.D., THOMAS D. DAVIS, JOHN F. MOYNAHAN, and GRANT THORNTON, LLP,<br><br>    Defendants. | Civil Action No. 05-0310 (SLR)<br>Class Action |
| CHRISTINA W. DONNELLY, JOHN DONNELLY, JAMES G. WILLIAMSON, and RICHARD W. DEARBORN,<br><br>    Plaintiffs,<br><br> v.<br><br>XYBERNAUT CORPORATION, EDWARD G. NEWMAN, STEVEN A. NEWMAN, THOMAS D. DAVIS, BRUCE C. HAYDEN, and GRANT THORNTON LLP,<br><br>    Defendants. | Civil Action No. 05-0334 (JJF)<br>Class Action |
| CHARLES W. SMITH, Individually and On Behalf OF All Others Similarly Situated,<br><br>    Plaintiff,<br><br> v.<br><br>XYBERNAUT CORPORATION, EDWARD G. NEWMAN, STEVEN A. NEWMAN, THOMAS D. DAVIS, BRUCE C. HAYDEN, and GRANT THORNTON, LLP,<br><br>    Defendants. | Civil Action No. 05-0354 (SLR)<br>Class Action |

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii |
| NATURE AND STAGE OF PROCEEDINGS | 1 |
| SUMMARY OF ARGUMENT | 2 |
| STATEMENT OF FACTS | 3 |
| ARGUMENT | 6 |
| I. The Actions Should Be Consolidated For All Purposes. | 6 |
| II. Movant Is The Most Adequate Applicant And Should Be Appointed Lead Plaintiff. | 6 |
|     A. Movant Has Complied With The Notice And Filing Provisions Of The PSLRA. | 6 |
|     B. Movant Suffered The Largest Loss Of Any Other Movant. | 8 |
|     C. No Grounds Exist To Challenge The Xybernaut Investors Group's Adequacy As Lead Plaintiff. | 9 |
| III. The Court Should Approve The Xybernaut Investors Group's Choice Of Counsel. | 12 |
| CONCLUSION | 13 |

## TABLE OF AUTHORITIES

### CASES

Page

Greater Penn. Carpenters Pension Fund v. Adolor Corp.,
   No. Civ.A. 04-1728, 2004 WL 3019235 (E.D. Pa. Dec. 29, 2004) ........................ 10, 11

Greebel v. FTP Software, 939 F. Supp. 57 (D. Mass. 1996) ............................................... 8

In re Am. Bus. Fin. Serv., Inc. Sec. Litig., No. Civ.A. 04-0265-TON,
   2004 WL 1221353 (E.D. Pa. June 3, 2004) ........................................................ 9

In re Cavanaugh, 306 F.3d 726 (9th Cir. 2002) ................................................................ 8

In re Cendant Corp. Litig., 182 F.R.D. 476 (D.N.J. 1998) ................................................ 6

In re DaimlerChrysler AG Sec. Litig., 216 F.R.D. 291 (D. Del. 2003) ............................... 10, 11

In re MicroStrategy Inc. Sec. Litig., 110 F. Supp.2d 427 (E.D. Va. 2001) ........................ 6, 8

In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42 (S.D.N.Y. 1998) ...................... 8

In re Warfarin Sodium Antitrust Litig., 391 F.3d 516 (3d Cir. 2004) ................................ 10

Janovici v. DVI, Inc., No. Civ.A. 03-04795-LD,
   2003 WL 22849604 (E.D. Pa. Nov. 25, 2003) .................................................... 8

Priest v. Zayre Corp., 118 F.R.D. 552 (D. Mass. 1988) .................................................... 10

Weiss v. York Hosp., 745 F.2d 786 (3d Cir.1984) ............................................................. 11

### STATUTES

15 U.S.C. § 78u-4(a) .............................................................................................. *passim*

15 U.S.C. § 78u-4(e) .............................................................................................. 9

## NATURE AND STAGE OF PROCEEDINGS

Presently pending before this Court are at least seven related securities class action lawsuits (the "Actions") brought on behalf of all those who have purchased or otherwise acquired Xybernaut Corporation ("Xybernaut" or the "Company") publicly traded securities for periods beginning on either May 10, 2002 or March 27, 2003 and ending on April 8, 2005, inclusive; for purposes of this Motion, the longer class period (*i.e.*, May 10, 2002 through April 8, 2005) will be used (the "Class Period").[1] Each of the Actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78(j)(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). All the Actions name as Defendants Xybernaut, the Company's co-founder and former Chief Executive Officer ("CEO") Edward G. Newman ("E. Newman"), his brother and the Company's former President and Chief Operating Officer ("COO") Steven A. Newman, M.D. ("S. Newman"), and the Company's former Chief Financial Officer ("CFO") Thomas D. Davis ("Davis"). In addition, Grant Thornton, LLP ("Grant Thornton"), the Company's former auditor, is named as an additional Defendant in three of the Actions, the Company's current CFO, Bruce C. Hayden, is named as a Defendant in two of the Actions, and Davis' predecessor as the Company's CFO, John F. Moynahan ("Moynahan"), is named as a Defendant in one of the Actions.

---

[1] Another related action, Heilman v. Xybernaut Corp., et al., No. 05-cv-00525 (LMB/LO), was filed on or about May 9, 2005, in the United States District Court for the Eastern District of Virginia. Since then, two additional actions have been filed in the Eastern District of Virginia – Zuccarelli v. Xybernaut Corp., et al., No. 05-cv-00610 (LMB/BRP) and Lawthers v. Xybernaut Corp., et al., No. 05-cv-00617 (TSE/LO) (collectively with Heilman, the "Virginia Actions"). On June 10, 2005, plaintiffs' counsel in the Virginia Actions initiated a proceeding before the Judicial Panel on MultiDistrict Litigation to transfer the Actions to the United States District Court for the Eastern District of Virginia. Simultaneous with this motion, Movant has moved for appointment as lead plaintiff in connection with the Virginia Actions.

## SUMMARY OF ARGUMENT

As discussed below, consolidation of the seven above-captioned actions is appropriate because each alleges substantially identical claims based upon similar factual allegations against many of the same defendants. In addition, because Movant is the "most adequate" plaintiff to represent those who purchased or otherwise acquired Xybernaut securities during the Class Period, it should be appointed Lead Plaintiff. Movant has also selected and retained Shepherd Finkelman Miller & Shah, LLC ("Shepherd Finkelman") and Schatz & Nobel, P.C. as co-lead counsel, and Rosenthal, Monhait, Gross & Goddess, P.A. ("Rosenthal Monhait") as liaison counsel, law firms that all have extensive experience in prosecuting securities fraud class actions, and that election should be approved.

## STATEMENT OF FACTS[2]

Xybernaut, which was co-founded by E. Newman in 1990 and completed its initial public offering in 1996, is engaged in, *inter alia*, "the research, development, manufacture, marketing and sales of mobile, wearable computing and communication systems." The Company also offers service-type software through its wholly owned subsidiary, Xybernaut Solutions, Inc., as well as hardware-type products through its wholly owned foreign subsidiaries located in Japan and Germany.

The Complaint charges Xybernaut and former members of the Company's senior management – E. Newman, S. Newman, Davis, and his predecessor Moynahan – as well as Grant Thornton, the Company's former auditor, with violations of the Exchange Act. The Complaint alleges that, in the weeks leading up the end of the Class Period, Xybernaut made several disturbing announcements. On February 17, 2005, the Company issued a press release in response to the significant drop in the price of Xybernaut shares in which it stated that it knew "of no business reason or financial condition that would explain the decline in its stock price." On March 14, 2005, Xybernaut announced that it was seeking an extension of time within which to file its annual report with the SEC. Then, on March 31, 2005, Xybernaut announced that the filing of its annual report with the SEC would be further delayed as the Company completed an internal investigation, which had been commenced a month earlier regarding, *inter alia*, its internal controls, expenditures charged to the Company by E. Newman, the accuracy of public disclosures, and the propriety of certain major transactions. In addition, Xybernaut announced that it had received a subpoena for documents from the SEC almost two months before – after the Company's February 17 claim that it knew of no

---

[2] These facts are based upon the complaints filed by Movant's counsel in <u>Aylor v. Xybernaut Corp., et al.</u>, No. 05-0222 (SLR) (D.I. 1) and <u>Wauhop v. Xybernaut Corp., et al.</u>, No. 05-0310 (SLR) (D.I. 1) (collectively, the "Complaint").

reason for the dramatic drop in the Company's share price.

After the market had closed on April 8, 2005 – the last day of the Class Period – Xybernaut issued the stunning news that its shareholders and the investing public should not rely on the Company's financial statements – as well as the audit reports from Grant Thornton – for fiscal year 2002 through the most recent quarterly report, filed with the SEC on Form 10-Q on November 9, 2004. On this news, the Company's share price, which had previously fallen $0.23 per share since mid-March, 2005, fell another $0.06 per share on April 11, 2005 to close at $0.13 per share.

After the end of the Class Period, on April 19, 2005, Xybernaut announced the completion of an internal investigation and revealed that (i) E. Newman "improperly used substantial Company funds for personal expenses and failed properly to substantiate expenses charged to the Company," (ii) members of E. Newman's family "were hired and evaluated/not evaluated in direct violation of the Company's anti-nepotism policy and constituted a 'protected class' of employees" and their employment was never disclosed in violation of applicable SEC regulation, (iii) the Company's disclosure controls relating to press releases and other public disclosures were not followed, (iv) "[m]ajor transactions were entered into by certain members of senior management in violation of Company internal controls" and "[c]ertain members of senior management failed properly to advise the Board of material financial conditions regarding major transactions," (v) "[c]ertain members of senior management failed to disclose to the Audit Committee and the Board written correspondence by the Company's former Chief Financial Officer outlining serious concerns over the breakdown of internal controls," and (vi) both E. Newman and his brother, S. Newman, "affirmatively impeded the Audit Committee's investigation in material respects." In the same press release, Xybernaut announced, *inter alia*, that both E. Newman and S. Newman had been removed from their positions

as CEO and President, respectively, that Grant Thornton had resigned as the Company's auditor, and that the filing of its annual report with the SEC would be delayed indefinitely.[3]

---

[3] More recently, Xybernaut has announced that it is the subject of an investigation by the U.S. Attorney's Office for the Eastern District of Virginia. In addition, the Company's common stock has been de-listed from the Nasdaq Stock Market. Xybernaut common stock now trades for approximately $0.05 per share in the "pink sheets" via the OTC Bulletin Board.

ARGUMENT

I.   The Actions Should Be Consolidated For All Purposes.

Consolidation is appropriate where there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42(a). Pending before the Court are seven related actions, each of which asserts class claims for violation of the Exchange Act on behalf of those who purchased or otherwise acquired Xybernaut securities during the Class Period. All the Actions name the Company, E. Newman, S. Newman, and Davis as defendants and involve the same factual and legal issues – namely, whether plaintiffs purchased or otherwise acquired Xybernaut publicly traded securities at prices that were artificially inflated as a result of defendants' false and misleading statements, and whether defendants' acts violate Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5. Accordingly, the test for consolidation is met here. See, e.g., In re MicroStrategy Inc. Sec. Litig., 110 F. Supp.2d 427, 431 (E.D. Va. 2001) (noting that differences among securities fraud actions with respect to the class period and parties did not "detract from the overwhelming factual and legal similarities among the cases"); In re Cendant Corp. Litig., 182 F.R.D. 476, 479 (D.N.J. 1998) (holding that neither differences in class periods nor measure of damages was sufficient to overcome consolidation of related securities fraud class actions). Moreover, consolidation will result in substantial efficiencies for the Court and the parties. Therefore, the above-captioned actions should be consolidated for all purposes.

II.  Movant Is The Most Adequate Applicant And Should Be Appointed Lead Plaintiff.

   A.   Movant Has Complied With The Notice And Filing Provisions Of The PSLRA.

The PSLRA establishes a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant

to the Federal Rules of Civil Procedure." 15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(i). Under this statute, the plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action. This notice must inform class members of their right to file a motion for appointment as lead plaintiff. See 15 U.S.C. §78u-4(a)(3)(A)(i). Within sixty (60) days of publishing the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. See 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Here, the notice in this first-filed Action was published on April 15, 2005, following the filing of the Aylor complaint. A copy of the notice is attached as Exhibit "A" to the Declaration of Jessica Zeldin (the "Zeldin Dec."). Accordingly, the time period in which class members may move to be appointed lead plaintiff in this case expires on June 14, 2005. See 15 U.S.C. §78u-4(a)(3)(A) and (B). Movant now timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

The Certifications of the members of the Xybernaut Investors Group – Donald T. Ogle, Jr., Wei Wang, Tom Johnson, Michael Taylor, and Robert A. Schultz – which are collectively attached as Exhibit "B" to the Zeldin Dec., state that each member has reviewed the allegations of the Complaint and each is willing to serve as a representative on behalf of the class. In addition, each member of the Xybernaut Investors Group has selected and retained competent counsel to represent them and the class. The firm resume for Shepherd Finkelman, Schatz & Nobel, P.C., and Rosenthal Monhait are collectively attached as Exhibit "C" to the Zeldin Dec. Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have their application for appointment as lead plaintiff granted, and their selection of Shepherd Finkelman and

Schatz & Nobel as lead counsel and Rosenthal Monhait as liaison counsel approved by the Court.

B.  Movant Suffered The Largest Loss Of Any Other Movant.

The PSLRA provides that within ninety (90) days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members.  See 15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that
>
> > (aa) has either filed the complaint or made a motion in response to a notice...;
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  See In re Cavanaugh, 306 F.3d 726, 730 (9th Cir. 2002); see also Janovici v. DVI, Inc., No. Civ.A. 03-04795-LD, 2003 WL 22849604, at *9 (E.D. Pa. Nov. 25, 2003); In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); In re MicroStrategy, 110 F. Supp.2d at 433; Greebel v. FTP Software, 939 F. Supp. 57, 64 (D. Mass. 1996).

During the Class Period, each member of the Xybernaut Investors Group purchased the Company's common stock and suffered losses.  Specifically, as reflected in their Certifications attached as Exhibit "B," the members of the Xybernaut Investors Group purchased Xybernaut

common stock and thereby suffered damages in the following approximate amounts: Don Ogle – $197,325; Wei Wang – $168,500; Tom Johnson – $117,400; Michael Taylor – $97,510; and Rob Schultz – $87,655.[4] The Certifications of the members of the Xybernaut Investors Group attest to these losses. Thus, the collective loss of the Xybernaut Investors Group is $668,390, demonstrating Movant's significant financial interest in the outcome of this action. To the best of Movants' knowledge, there are no other applicants seeking appointment as lead plaintiff that have a larger financial interest. Therefore, the Xybernaut Investors Group satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4 (a)(3)(B).

    C.    No Grounds Exist To Challenge The Xybernaut Investors Group's Adequacy As Lead Plaintiff.

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." In selecting a lead plaintiff, it is well established that the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. See In re Am. Bus. Fin. Serv., Inc. Sec. Litig., No. Civ.A. 04-0265-TON, 2004 WL 1221353, at *1 (E.D. Pa. June 3, 2004) ("The initial inquiry ... should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy") (citation omitted).

---

[4] Under the Exchange Act, losses are calculated as the difference between the purchase or sale price paid and the mean trading price over a 90-day period beginning after the close of the class period. See 15 U.S.C. § 78u-4(e)(1). Here, the 90-day period has yet to expire, but the mean or average closing price for Xybernaut common stock between April 11, 2005 and June 10, 2005, was approximately $0.14 per share.

The Xybernaut Investors Group should be appointed lead plaintiff because it satisfies the typicality and adequacy requirements of Rule 23.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. "A representative's claim is typical if it arises from the same event, practice, or conduct that gives rise to the claim of the other class members, and is based on the same legal theory." In re DaimlerChrysler AG Sec. Litig., 216 F.R.D. 291, 298 (D. Del. 2003) (citation and internal quotations omitted). Moreover, "factual differences among the class members will not be sufficient to render the claim atypical." Id. (citation omitted); see also In re Warfarin Sodium Antitrust Litig., 391 F.3d 516, 531-32 (3d Cir. 2004) ("[T]ypicality ... does not require that all putative class members share identical claims") (citation and internal quotations omitted); Greater Penn. Carpenters Pension Fund v. Adolor Corp., No. Civ.A. 04-1728, 2004 WL 3019235, at * 2 (E.D. Pa. Dec. 29, 2004) ("Typicality does not require that there be no factual differences between the class representative and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical"); Priest v. Zayre Corp., 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.") (citations omitted).

The Xybernaut Investors Group satisfies this requirement because, just like all other class members, the following facts are true for its members: (1) they purchased Xybernaut common stock during the Class Period; (2) the prices at which those purchases were made were artificially inflated because of Defendants' materially false and misleading statements and/or omissions; and (3) they

suffered damages as a result of Defendants' conduct. Thus, the Xybernaut Investors Group's claims arise out of the same course of events as those of other class members and are typical.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) "requires a showing that (1) the plaintiffs' attorneys are qualified, experienced, and able to conduct the litigation, and (2) the representative plaintiffs' interests are not antagonistic to those of the class." In re DaimlerChrysler, 216 F.R.D. at 299 (citation omitted); see also Weiss v. York Hosp., 745 F.2d 786, 811 (3d Cir.1984) ("Adequate representation depends on two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class"); Greater Penn. Carpenters Pension Fund, 2004 WL 3019235, at * 3 ("The PSLRA directs us to limit our inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced, and able to vigorously conduct the proposed litigation") (citation omitted).

Here, the Xybernaut Investors Group, a diverse group with a variety of applicable business acumen, is an adequate representative of the class. Don Ogle is the owner of a theatrical contracting business, which provides mobile stages for theatrical and other productions. Wei Wang is a recent graduate of the Schulich School of Business at York University in Toronto, and is about to begin a career in international business. Tom Johnson has over twenty years of experience in the development of confectionery products, and is currently involved in technical sales for confectionery products. Michael Taylor is engaged in consumer products sales, and Rob Schultz is an accountant

for a power plant located outside of San Antonio, Texas. Like the class, the members of the Xybernaut Investors Group have sustained substantial damages as a result of their purchase of Xybernaut common stock and would benefit from the same relief. Furthermore, there is no evidence of any antagonism between the members of the Xybernaut Investors Group and the class. In addition, as shown below, Movant's proposed lead counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Having suffered significant losses, the Xybernaut Investors Group will also be motivated to vigorously prosecute this action. Thus, the Xybernaut Investors Group satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

III.    The Court Should Approve the Xybernaut Investors Group's Choice of Counsel.

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), Movant shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. The Xybernaut Investors Group has selected Shepherd Finkelman and Schatz & Nobel to serve as co-lead counsel in this case. As demonstrated by their resumes (Exhibit "C" to the Zeldin Dec.), both Shepherd Finkelman and Schatz & Nobel, as well as the proposed liaison counsel, Rosenthal Monhait, have substantial experience in the prosecution of shareholder and securities class actions, as well as other complex litigation, and have the resources necessary to efficiently conduct this litigation. Accordingly, the Court should approve the Xybernaut Investors Group's selection of co-lead counsel.

## CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (i) consolidate these actions; (ii) appoint the Xybernaut Investors Group as lead plaintiff in this consolidated action; and (iii) approve Movant's selection of Shepherd, Finkelman, Miller & Shah, LLC and Schatz & Nobel, P.C., to serve as lead counsel, and Rosenthal, Monhait, Gross & Goddess, P.A. to serve as liaison counsel.

ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A.

Jessica Zeldin (Del. Bar No. 3558)
Suite 1401, 919 Market Street
P.O. Box 1070
Wilmington, Delaware 19899
(302) 656-4433
jzeldin@rmgglaw.com
  Counsel for Movant

OF COUNSEL:

James E. Miller
Patrick A. Klingman
Karen M. Leser
SHEPHERD, FINKELMAN, MILLER & SHAH, LLC
65 Main Street
Chester, Connecticut 06412
(860) 526-1100

Andrew M. Schatz
Jeffrey S. Nobel
SCHATZ & NOBEL, P.C.
One Corporate Center
20 Church Street
Hartford, Connecticut  06103
(860) 493-6292

June 14, 2005